IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL A. MARTINEZ, | ) Case No. 11-4624 SC |
| | ) |
| | ) ORDER GRANTING MOTION TO |
| Plaintiff, | ) DISMISS |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

Plaintiff Rafael A. Martinez ("Plaintiff") brings this action to enjoin the foreclosure sale of his home by Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Cal-Western Reconveyance Corporation ("Cal-Western"), and Does 1 through 50 (collectively, "Defendants"). The gravamen of Plaintiff's complaint is that Defendants improperly recorded a Notice of Default and election to sell and, therefore, the foreclosure sale may not proceed. Now before the Court are Wells Fargo's Motions to Dismiss and Strike. ECF Nos. 7 ("MTD"), 8 ("MTS"). The Motions are fully briefed. ECF Nos. 24 ("Opp'n"), 26 ("Reply"). For the reasons set forth below, the Court GRANTS Wells Fargo's Motion to Dismiss and DENIES Wells Fargo's Motion to Strike as moot.

## II. BACKGROUND

As it must on a motion to dismiss, the Court takes all well-pleaded allegations in Plaintiff's Complaint as true. The Court

also takes judicial notice of all documents attached to Plaintiff's Complaint. On August 14, 2006, Plaintiff borrowed $429,000 from World Savings Bank, FSB ("WSB"), Wells Fargo's predecessor in interest, to secure a loan against his property that was recorded on August 22, 2006. ECF No. 1 ("Not. of Removal) Ex. A. ("Compl.") ¶ 10.

Though it is not alleged in the Complaint, it appears that Plaintiff fell behind on his loan payments. On July 6, 2009, Cal-Western recorded a Notice of Default and election to sell. Id. ¶ 11. The Notice of Default stated that: (1) Plaintiff failed to make payments on the loan; and (2) Wells Fargo, the beneficiary on the loan, elected to sell the property to satisfy Plaintiff's obligations. Compl. Ex. B ("Not. of Default"). On July 27, 2011, Defendants published a Notice of Trustee Sale, stating their intent to sell the property at public auction on August 22, 2011. Compl. ¶ 13, Ex. D ("Not. of Tr.'s Sale"). It does not appear that the sale has yet occurred.

The Notice of Default identifies Cal-Western as "either the original trustee, the duly appointed substituted trustee, or acting [] agent for the trustee or beneficiary under [the] deed of trust." Not. of Default at 2. The Notice of Trustee's Sale identifies Cal-Western as the "duly appointed trustee." Not. of Tr.'s Sale. On August 13, 2009, Cal-Western recorded a Substitution of Trustee. Compl. Ex. C. ("Substitution of Tr."). This document is dated July 2, 2009 and was notarized on July 14, 2009. Id. Attached to the Substitution of Trustee is an affidavit, dated August 11, 2009, stating that a copy of the Substitution of Trustee had been mailed to Plaintiff, "prior to or concurrently with the recording" of the

2

Substitution of Trustee and "in the manner provided in Section 2934a of the Civil Code of California[.]" Id.

Plaintiff filed the instant action in California Superior Court in and for the County of Alameda on August 17, 2011. Compl. Wells Fargo subsequently removed the action to federal court on diversity grounds. Not. of Removal at 2. The Complaint asserts five causes of action: (1) wrongful foreclosure; (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200; (3) unfair business practices; (4) misrepresentation; and (5) quiet title. Compl. ¶¶ 16-37. The first four causes of action are predicated on the allegation that the trustee sale is improper under California Civil Code § 2924 because Cal-Western had not been substituted as the trustee on the Deed of Trust at the time it recorded the Notice of Default and the Notice of Trustee's Sale. See id. ¶¶ 18, 20, 29. With respect to the last cause of action for quiet title, Plaintiff alleges that Defendants have no legal or equitable right to Plaintiff's property because they have yet to produce "the original note." Id. ¶ 35.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

    **A. Substitution of Trustee**

Plaintiff's first four claims are predicated on the allegation that Defendants somehow violated California Civil Code § 2924 because Cal-Western recorded the Notice of Default and Notice of Trustee's Sale before it had been substituted as the trustee on Plaintiff's Deed of Trust. The Complaint does not identify the provisions or language in Civil Code § 2924 on which Plaintiff's claims rely. In any event, Plaintiff's claims must fail because there was nothing improper about the manner or timing of Cal-Western's substitution as trustee on Plaintiff's Deed of Trust or the recording of the Notice of Default.

Construing the Complaint liberally, it appears that Plaintiff is attempting to allege a violation of Civil Code § 2924(a)(1),

which states that, before a foreclosure sale may commence, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file . . . a notice of default."  Defendants complied with this provision.  Cal-Western recorded the Notice of Default on July 6, 2009 and there is no indication that a foreclosure sale has yet occurred.

To the extent that Plaintiff is asserting that Cal-Western could not have properly recorded the Notice of Default on July 6, 2009 because Cal-Western was not yet the substituted trustee at that time, his claim fails.  First, the Substitution of Trustee indicates that Cal-Western was substituted as Trustee on July 2, 2009, four days before Cal-Western recorded the Notice of Default.  Second, even if Cal-Western was not the substituted trustee by July 6, 2009, either because its substitution was not notarized until July 14, 2009 or because its substitution was not recorded until August 13, 2009, Cal-Western still properly recorded the Notice of Default as Wells Fargo's agent.  Indeed, according to the Notice of Default, Cal-Western was either acting as the trustee or as Wells Fargo's acting agent.  Third, Civil Code § 2934a(c) anticipates and allows for the substitution of a trustee after a notice of default has been recorded.[1]

As Plaintiff has not alleged a violation of Civil Code § 2924, his first four causes of action fail as a matter of law.  Accordingly, these claims are DISMISSED WITHOUT LEAVE TO AMEND.

///

---

[1] In his opposition brief, Plaintiff also asserts that Defendants "violated and ignored Section 2923.5(b) of the California Civil Code."  Opp'n at 3.  No such violation is alleged in the Complaint.  Nor does Plaintiff plead any facts, either in his Complaint or in his opposition brief, which would support such an allegation.

### B. Quiet Title

Plaintiff's fifth cause of action for quiet title is based on the allegation that Wells Fargo "has yet to produce the original note," and, therefore, "is without any right whatsoever and . . . has no legal or equitable right, claim, or interest in said property." Compl. ¶ 35. As Wells Fargo correctly points out, a number of courts have rejected the notion that California law requires production of the original note to initiate nonjudicial foreclosure proceedings. MTD at 13 (citing Serrano v. World Sav. Bank, No. 11-CV-00105-LHK, 2011 U.S. Dist. LEXIS 47766, at *9 (N.D. Cal. May 3, 2011); Waqavesi v. Indymac Fed. Bank, FSB, No. 09-01601 WBS GGH, 2009 U.S. Dist. LEXIS 105555, at *20-21 (E.D. Cal. Nov. 11, 2009)). Plaintiff offers no response. The Court finds that Plaintiff's claim for quiet title fails as a matter of law and DISMISSES the claim WITHOUT LEAVE TO AMEND.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Wells Fargo, N.A.'s Motion to Dismiss and DENIES Wells Fargo's Motion to Strike as moot. Plaintiff Rafael A. Martinez's entire complaint is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: February 21, 2012

UNITED STATES DISTRICT JUDGE